UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THREE GOLD RESOURCES, LLC,**
*et al.*,

      **Plaintiffs,**

   v.

**ENERGEX POWER, INC.,**

      **Defendant.**

Case No. 2:23-cv-3495
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Three Gold Resources, LLC, and Shetler Family Foundation, Inc.'s Motion to Appoint Receiver (ECF No. 23) and Motion for Default Judgment and to Appoint a Receiver (Mot., ECF No. 29). Defendant Energex Power, Inc. has failed to comply with a Court order requiring it to obtain counsel and has not participated in proceedings before this Court. Accordingly, the Clerk entered default against it. (ECF No. 26.)

For the reasons stated below in this Opinion and Order, the Court **GRANTS IN PART and DENIES IN PART** the Motion for Default Judgment and to Appoint Receiver. (ECF No. 29.) Three Gold and Shetler's first Motion to Appoint Receiver is **DENIED AS MOOT**. (ECF No. 23.) Default judgment is entered against Energex on Three Gold and Shetler's core breach of contract claim, but their other four claims are dismissed with prejudice. Additionally, the Court finds that the appointment of a receiver is necessary to protect the assets at issue. The Court will issue an order appointing a receiver and setting the terms of receivership at a later date.

## BACKGROUND

Energex owns and operates over 2,700 oil and gas wells and hundreds of miles of pipeline

gathering systems in Ohio and Pennsylvania. (Compl., ECF No. 3, ¶¶ 4–5.) Energex obtained those oil and gas interests from Diversified Oil & Gas, LLC, and associated companies. (*Id.*, ¶ 17.) Before Energex obtained its interests from Diversified, Three Gold and Shetler obtained from Diversified gross overriding royalty interests ("ORRIs") "in certain oil, gas, and mineral leases and certain production payments on the fee oil, gas, and mineral interests in the production rights, rights in production, wells, and hydrocarbons related to certain interests of Energex in oil and/or gas wells in Ohio and Pennsylvania." (*Id.*, ¶¶ 10–13; *see* ECF Nos. 1-1 to 1-29.) Three Gold owns a 12% ORRI, and Shetler owns a 1% ORRI. (Compl., ¶¶ 10, 12.) Three Gold and Shetler assert that Diversified's obligation to pay them "the gross ORRI extended to and was binding upon Diversified's successors and assigns, including Energex." (*Id.*, ¶ 19.)

Under recorded agreements, Energex made ORRI payments to Three Gold and Shetler, but those payments stopped as of November 2022. (*Id.*, ¶ 20; Mot., PageID 2630.) Three Gold and Shetler claim that Energex provided them with revenue ACH remittance statements that undervalued the amount of actual production from the wells and the price of the product to intentionally underpay Three Gold and Shetler their respective ORRI shares. (Compl., ¶¶ 20–21.) They also assert that Energex reported production information to the Ohio Department of Natural Resources and the Pennsylvania Department of Environmental Protection that differed from what Energex reported on the ACH statements. (*Id.*, ¶¶ 21–23; Mot., PageID 2630.)

In August 2023, Energex representatives informed Three Gold and Shetler that Energex does not have the funds to pay them royalty amounts due in the past or the future. (Compl., ¶¶ 24–25.) Energex informed Three Gold and Shetler that it intended to continue operating the oil and gas wells at issue. (*Id.*, ¶ 26.) Three Gold and Shetler claim that the wells are at risk of being depleted by Energex without providing compensation to Three Gold or Shetler and that, if

depletion occurs, there will be no adequate remedy at law available to Three Gold or Shetler. (*Id.*, ¶¶ 28–29.) Norman Shetler, president of Shetler and the sole member of Three Gold, declares that a representative of EOS Energy, LLC, informed him near the end of 2023 that Energex was trying to sell its interests in oil and gas wells. (Shetler Decl., ECF No. 23-1, ¶ 10.)

Gold and Shetler sued Energex in the Guernsey County Court of Common Pleas in August 2023. (*See* Compl.) They claimed fraud, breach of contract, breach of implied warranties, theft, and conversion and asked for compensatory damages, punitive damages, pre- and post-judgment interest, attorney's fees and costs, and the appointment of a receiver to enforce their contracts. (*Id.*, PageID 1296.) Energex, then represented by counsel, removed the case to this Court in October 2023. (ECF No. 1.) In June 2024, Three Gold and Shetler moved the Court to appoint a receiver. (ECF No. 23.)

In May 2024, Energex's counsel moved to withdraw. (ECF No. 18.) This Court granted that motion and ordered Energex to retain new counsel within 30 days. (ECF No. 19.) After Energex failed to do so, this Court ordered Energex to show cause why the Clerk should not enter default for its failure to comply with the Court's order. (ECF No. 22.) Energex did not respond, and the Court ordered the Clerk to enter default against Energex under Federal Rule of Civil Procedure 55(a). (ECF No. 25.) The Clerk entered default on July 12, 2024. (ECF No. 26.)

The Court then ordered Three Gold and Shetler to show cause why this action should not be dismissed for want of prosecution unless it moved for default judgment. (ECF No. 27.) Plaintiffs filed for default judgment and renewed their motion to appoint a receiver. (ECF No. 29.) The facts and arguments raised in the original motion to appoint receiver are also raised in the motion for default judgment.

3

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 WL 2870175, at *2 (S.D. Ohio July 21, 2022) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (Newman, J.)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (cleaned up) (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley* at *1 (citation omitted).

## ANALYSIS

Three Gold and Shetler have obtained an entry of default, and the claims are not for a sum certain. (ECF No. 26.) Thus, the Court accepts as true the allegations in the Complaint and will analyze whether the factual allegations establish liability under each of Plaintiff's claims. The

4

Court will then turn to whether a receiver should be appointed.

## I. Default Judgment Analysis

The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the controversy involves more than $75,000. The action was properly removed from an Ohio state court pursuant to 28 U.S.C. §§ 1441 and 1446. All of Three Gold and Shetler's claims are brought under Ohio law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

### a. Breach of Contract

"Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012).

As alleged, Three Gold and Shetler obtained their royalty interests through a series of assignments from Diversified. Diversified later assigned all its relevant interests to Energex, and "the gross ORRI extended to and was binding upon Diversified's successors and assigns, including Energex." (Compl., ¶¶ 19, 46.) Three Gold and Shetler claim they performed all their obligations required under the relevant agreements. (*Id.*, ¶ 47.) They contend Energex has refused to perform by underpaying and not paying royalty amounts owed to them, and that they were damaged as a result. (*Id.*, ¶¶ 20–21, 48–49; Mot., PageID 2630.) Accordingly, Three Gold and Shetler have pleaded all of the required elements for breach of contract, and they are entitled to default judgment on that claim.

b.  **Fraud**

Three Gold and Shetler allege that Energex intentionally misrepresented the quantity and price of the oil and gas produced and the payments owed to Three Gold and Shetler under their ORRIs. (Compl., ¶¶ 20, 33, 35.) To support that claim, they allege that Energex reported different production information to state officials in Ohio and Pennsylvania. (*Id.*, ¶¶ 21–23.) They allege that Energex representatives knew about the false representations and acted with the intent to deceive Three Gold and Shetler. (*Id.*, ¶ 34.)

Under Ohio law, "the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Pham Constr. & Co., LLC v. Tran*, 236 N.E.3d 849, 857 (Ohio Ct. App. 2024). In other words, "[a] tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron Fin. Corp. v. Nationwide Mut. Ins.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996); *see also Prater v. Three-C Body Shop, Inc.*, No. 01AP-950, 2002 WL 479827, at *4 (Ohio Ct. App. 2002) ("A breach of contract claim does not create a tort claim.")

Three Gold and Shetler's lawsuit is a breach of contract action. Their breach of contract claim is premised, in part, on the allegation that Energex underpaid them and falsely reported lower production numbers to them than those reported to government regulators. (Compl., ¶¶ 20–21, 48–49.) Three Gold and Shetler raise the same basic facts as the basis for their common law fraud claim. (Compl., ¶¶ 33–34.) As alleged, Energex's "duty to fully and accurately disclose" the correct information to Three Gold and Shetler arose only from their contracts with Diversified, which were assigned to Energex. (Compl., ¶ 32.) And Three Gold and Shetler have not identified

6

a duty Energex owed to them that exists separate from their contracts. Accordingly, under Ohio law, their common law fraud tort claim is not actionable because it depends only on the facts that underlie Energex's breach of contract. Three Gold and Shetler's fraud claim is **DISMISSED WITH PREJUDICE.**

### c. Breach of Implied Warranties

Three Gold and Shetler assert that Energex owed to them implied duties "to drill," "to operate diligently and prudently," and "of reasonable development after discovery." (Compl., ¶¶ 51–53.) They argue Energex breached these implied duties and that it will continue to do so. (*Id.*, ¶¶ 55–59.)

Under Ohio law, "[o]il and gas leases are ordinarily subject to an implied covenant to reasonably develop the land." *Jacobs v. Dye Oil, LLC*, 147 N.E.3d 52, 71–72 (Ohio Ct. App. 2019) (citing *Alford v. Collins-McGregor Operating Co.*, 95 N.E.3d 382, 386 (Ohio 2018)). This implied covenant is also described as "a duty to operate with reasonable diligence." *Ionno v. Glen-Gery Corp.*, 443 N.E.2d 504, 506 (Ohio 1983). A covenant to reasonably develop is implied in oil and gas leases absent an express provision to the contrary. *Id.* at 506–07; *Alford* at 386.

Three Gold and Shetler essentially assert that an implied covenant of reasonable development applies to their royalty interests; all three of the implied duties and "warranties" they proclaim fall under that implied covenant. But, per this Court's review, the Ohio Supreme Court has not decided whether an implied covenant to reasonably develop applies to parties who hold only royalty interests, such as Three Gold and Shetler, in addition to lessors of the land itself. Even so, the Ohio Supreme Court has applied the implied covenant where a lessor was entitled to royalty payments based on the amount of oil produced from the land. *See Alford* at 387 (citing *Ionno*). This Court determines that the Ohio Supreme Court would likely apply the implied covenant of

7

reasonable development to contracts where, as here, the party asserting the existence of the duty holds only royalty interests in the production of oil and gas. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (holding that in diversity cases, absent state supreme court authority on the matter, the court's task is to "ascertain from all available data . . . what the state's highest court would decide if faced with the issue."); *see also ANR W. Coal Dev. Co. v. Basin Elec. Power Co-op.*, 276 F.3d 957, 964–66 (8th Cir. 2002) (applying an implied covenant of reasonable development "in favor of an overriding-royalty owner whose interest is created in a mineral lease" under North Dakota law).

When the implied covenant of reasonable development applies, the lessee has a duty to "'drill and operate such number of oil wells on the lands as would be ordinarily required for the production of oil contained in such lands, and afford ordinary protection to the lines.'" *Alford*, 95 N.E.3d at 386 (quoting *Harris v. Ohio Oil Co.*, 48 N.E. 502 (Ohio 1897), paragraph one of the syllabus.) Three Gold and Shetler assert that Energex has underpaid some royalty payments and failed to make other royalty payments. (Compl., ¶¶ 20–24.) They also state that Energex operates 2,700 oil and gas wells and hundreds of miles of pipeline and assert that the oil and gas wells in question are finite natural resources capable of depletion. (*Id.*, ¶¶ 4–5, 27–28.) But Three Gold and Shetler do not assert that the number of wells or the amount of oil and gas produced is less than what is "ordinarily required." *See Alford* at 386. Accordingly, the Complaint fails to state a cause of action for breach of implied covenant of reasonable development. Three Gold and Shetler's claim for breach of implied warranties is **DISMISSED WITH PREJUDICE**.

    d. **Civil Remedy for Theft**

Three Gold and Shetler bring a claim for a civil damages remedy for a criminal act under Ohio Revised Code § 2307.60. That provision states: "Anyone injured in person or property by a

criminal act has, and may recover full damages in, a civil action unless specifically excepted by law." Ohio Rev. Code § 2307.60(A)(1). Three Gold and Shetler claim that Energex committed a criminal theft offense under Ohio Revised Code § 2913.02(A), alleging that the company stole money from them willfully and maliciously by asserting control over the ORRI payments belonging to them. (Compl., ¶¶ 64–68.)

Ohio courts have held that a civil tort claim under Ohio Revised Code § 2307.60 cannot be based on an alleged criminal theft offense premised upon a breach of contract. *Powell v. CBRE, Inc.*, No. 1:22-CV-496, 2024 WL 5041023, at *7 (S.D. Ohio Dec. 9, 2024) (Hopkins, J.) (citing *STE Invs., LLC v. Macprep, Ltd.*, 2022 WL 3011012, at *5 (Ohio Ct. App. 2022); *Wildcat Drilling, LLC v. Discovery Oil and Gas, LLC*, 121 N.E.3d 65, 72 (Ohio Ct. App. 2018), *rev'd and remanded on other grounds*, 173 N.E.3d 1156 (Ohio 2020)). "This is consistent with the general law in Ohio that 'the existence of a contract action generally excludes the opportunity to present the same case as a tort claim.'" *Powell* at * 7 (quoting *Pham*, 236 N.E.3d at 857).

Three Gold and Shetler do not identify any independent duty Energex owed to them under their civil remedy for theft claim. Because no civil remedy for theft exists under Ohio law when the alleged theft is based on a breach of contract, Three Gold and Shetler's civil remedy for theft claim is **DISMISSED WITH PREJUDICE**.

### e. Conversion

In Ohio, "[a] conversion claim 'is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights.'" *Gorsha v. Clark*, No. 2:18-cv-508, 2022 WL 278973, at *3 (S.D. Ohio Jan. 31, 2022) (Graham, J.) (quoting *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 493 N.E.2d 289, 292 (1985)). Conversion is a tort claim, just like Three Gold and Shetler's fraud and civil remedy

for theft claims. *See Washington Marine, LLC v. Kunz*, No. 1:24-CV-505, 2024 WL 4767770, at *2 (S.D. Ohio Nov. 13, 2024) (Dlott, J.).

Three Gold and Shetler allege that Energex wrongfully retained and took money owed to them under their royalty interests in Energex's oil and gas wells, thus interfering with Three Gold and Shetler's rights of ownership. (Compl., ¶¶ 72–78.) These allegations are bound up with their breach of contract claim, and Three Gold and Shetler do not "plead breach of duty or damages separate from the breach of contract." *Washington Marine* at *2. "A conversion claim cannot be based upon property rights that arise entirely from contractual rights." *Highman v. Gulfport Energy Corp.*, No. 2:20-CV-1056, 2020 WL 6204344, at *4 (S.D. Ohio Oct. 22, 2020) (Morrison, J.). Accordingly, Three Gold and Shetler's conversion claim fails as a matter of law, and it is **DISMISSED WITH PREJUDICE**.

In sum, this Court determines that Three Gold and Shetler are entitled to default judgment against Energex only on their breach of contract claim. All their other claims are **DISMISSED WITH PREJUDICE**. The Court **GRANTS IN PART** and **DENIES IN PART** Three Gold and Shetler's Motion for Default Judgment. (ECF No. 29.)

## II. Plaintiffs' Motion to Appoint Receiver

"A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court." *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); *see also* Fed. R. Civ. P. 66. Nonetheless, "[a] receivership is an 'extraordinary remedy' that a court should employ with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.'" *Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410, 414 (6th Cir. 2015) (quoting 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.)). Receivers are appointed "to safeguard the disputed assets, administer the property as suitable, and

10

to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte* at 551. In considering a motion to appoint a receiver, the Sixth Circuit directs district courts to weigh:

> whether the property at issue is in imminent danger of being lost, concealed, injured, diminished in value, or squandered, whether the defendant engaged in fraudulent conduct, the inadequacy of the available legal remedies, the lack of less drastic equitable remedies, and the likelihood that the appointment will do more good than harm.

*Pension Ben.* at 414 (citations omitted).

Three Gold and Shetler contend that Energex is mismanaging the oil and gas wells in which they have royalty interests and that those past and future interests are in imminent danger of being lost and forever squandered. (Mot., PageID 2633.) Energex has underpaid past royalties, refused to pay past and future royalty interests, and represented that it needs the royalty money to meet their own payroll needs. (*Id.*, PageID 2630–31.) Additionally, an Energex representative informed Three Gold and Shetler that Energex intends to file for bankruptcy, but no timeframe or additional details were provided. (*Id.*, PageID 2631.) Further, Three Gold and Shetler allege that Energex now lacks access to critical software concerning well production and royalty calculations, possibly because it failed to pay the software vendor. (*Id.*, PageID 2634.) Given these facts, accepted as true, Energex faces severe financial challenges that place Three Gold and Shetler's past and future property interests at great risk. Energex's insolvency and the risk that production will collapse strongly favor appointment of a receiver.

Further, as alleged, Energex has engaged in fraudulent conduct. Energex undervalued the royalty interests it paid to Three Gold and Shetler by reporting lower production quantity and prices to them than it reported to government agencies in Ohio and Pennsylvania. (*Id.*) The goal of this scheme was to pay Three Gold and Shetler less than they were owed. (*Id.*) This factor

11

supports appointing a receiver to prevent future fraud.

Three Gold and Shetler also argue that alternative legal remedies are inadequate to protect their interests. (*Id.*, PageID 2635.) They assert that Energex has concealed all records of the true amounts of royalties owed to them based on true production amounts and prices. (*Id.*) Further, Three Gold and Shetler claim Energex has failed to report oil and gas production information to the Ohio Department of Natural Resources for the year 2023, indicating that the company continues to mismanage its records. (*Id.*) Ultimately, Three Gold and Shetler assert that a receiver would do more good than harm because a receiver can protect and preserve the asserts that have not already been dissipated, which is in the interest of all parties and Energex's other creditors. (*Id.*; *see* ECF 23-2 ($25,400.11 arbitration award against Energex).) Although Three Gold and Shetler request an alternative remedy of a hearing to determine the amount of damages, they contend that a receiver is best positioned to conduct the necessary accounting.

The Court finds that a receiver is necessary to protect Three Gold and Shetler's interests, to prevent future fraud, to ensure Energex's compliance with regulatory and contractual requirements, and to assist the Court in an equitable distribution of assets. Without an appointment, Energex is positioned to fall further into insolvency, which could lead to a collapse of its oil and gas production and further jeopardize the interests of Three Gold, Shetler, and Energex's creditor(s). These factors, along with Energex's failure to comply with this Court's orders and to participate in proceedings before this Court, demonstrate that a receiver is necessary to protect the interests of all Parties.

## CONCLUSION

Three Gold and Shetler are entitled to default judgment against Energex only on their breach of contract claim. All their other claims are **DISMISSED WITH PREJUDICE**. The Court

also finds that appointment of a receiver is necessary. The Court **GRANTS IN PART** and **DENIES IN PART** Three Gold and Shetler's Motion for Default Judgment and to Appoint Receiver. (ECF No. 29.) Three Gold and Shetler's first Motion to Appoint Receiver is **DENIED AS MOOT**. (ECF No. 23.)

The Court will issue a separate order appointing the receiver and setting the terms of the receivership. Three Gold and Shetler are **ORDERED** to file with this Court proposed terms of the receivership **within 14 days of this Opinion and Order**.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

 1/28/2025  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**