UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THREE GOLD RESOURCES, LLC,**
*et al.*,

    **Plaintiffs,**

v.

    Case No. 2:23-cv-3495
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

**ENERGEX POWER, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Three Gold Resources, LLC, and Shetler Family Foundation, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. (Mot., ECF No. 37.) For good cause shown, the Court **GRANTS** Plaintiffs' Motion for a Temporary Restraining Order. The Court temporarily **ENJOINS** Defendant Energex Power, Inc. as described in this Opinion and Order and sets the matter for a preliminary injunction hearing. The Court **HOLDS IN ABEYANCE** the motion for a preliminary injunction pending the hearing.

## BACKGROUND

The factual background of this case is more fully described in the Court's Opinion and Order granting in part and denying in part Three Gold and Shetler's Motion for Default Judgment. (ECF No. 31.) Relevant to the present Motion, Energex owed and failed to pay royalty interests to Three Gold and Shetler from Energex's oil and gas wells in Ohio and Pennsylvania. (*Id.* PageID 2647.) After Energex failed to comply with an order of the Court to obtain counsel, the Court entered default against it in July 2024. (*Id.* PageID 2645.) Three Gold and Shetler moved the Court for default judgment and for the appointment of a receiver. (ECF No. 29.)

On January 28, 2025, the Court granted Three Gold and Shetler's motion for default judgment regarding their breach of contract claim against Energex but denied their motion regarding their other claims, which the Court dismissed with prejudice. (ECF No. 31, PageID 2654–55.) The Court also found the appointment of a receiver necessary and ordered Three Gold and Shetler to file proposed terms of the receivership. (*Id.* PageID 2654–55.)

According to the instant Motion, on January 30, 2025, a representative of Energex informed counsel for Three Gold and Shetler that Energex was engaged with a potential buyer of certain Energex assets. (Mot., PageID 2672.) On January 31, 2025, Energex entered into an Asset Purchase Agreement (Agreement, ECF No. 37-2) with Eco Power Crypto, LLC, a Delaware company headquartered in Pennsylvania, "for the sale of all or substantially all of Energex's assets." (*Id.* PageID 2673.) Under the Agreement, Eco Power agrees to tender to Energex a twenty-five percent equity interest in Eco Power at closing. (Agreement, PageID 2685.) This price is "based upon Assumed Liabilities of up to $3,900,000 which will be paid in monthly installments of up to $150,000.00 over a two (2) year period[.]" (*Id.*) The Agreement states that the sale will close "on or before February 28, 2025" and that closing is subject to Eco Power's satisfaction of its due diligence investigation. (*Id.*)

Meanwhile, without knowledge of the Agreement, Three Gold and Shetler consulted with their Proposed Receivers, Terry Humphrey and Jerry Stethem, about the proposed terms of the receivership on February 3, 2025, and the Proposed Receivers approved of the proposed terms. (Mot., PageID 2673.) Three Gold and Shetler filed the proposed terms of receivership on February 3, 2025. (ECF No. 33.) On February 13, 2025, the Court issued an order appointing the Proposed Receivers and setting the terms of the receivership, including that the receivership was effective upon the Proposed Receivers posting $10,000 bond and taking an oath. (ECF No. 35.) On February

14, 2025, Three Gold and Shetler received a copy of the Agreement. (Mot., PageID 2673.)

On February 17, 2025, the Proposed Receivers informed Three Gold and Shetler "for the first time that they are not willing to accept the Receivership because they have concerns about potential exposure related to the operation of the wells at issue and environmental liability." (*Id.* PageID 2673.) Because the Proposed Receivers did not post bond and did not submit an oath to the Court, the receivership never took effect. (*See* ECF No. 35.)

On February 18, 2025, Three Gold and Shetler filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Mot.) They seek a temporary restraining order and a preliminary injunction "enjoining [Energex] from selling, converting, disposing, transferring, encumbering, or secreting substantially all of its assets to a third party." (*Id.* PageID 2670.) Three Gold and Shetler attached to their Motion a sworn and notarized affidavit of their counsel, Terry J. Evans. (Affidavit, ECF No. 37-1.) They also attached a copy of the Agreement. (Agreement, ECF No. 37-2.)

## LEGAL STANDARD

The purpose of a temporary restraining order "is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Under Rule 65 of the Federal Rules of Civil Procedure,

> (1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

3

In determining whether to grant a temporary restraining order, this Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted); *see Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007) (applying these four preliminary injunction factors to the court's review of a temporary restraining order).

"'These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together.'" *Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (quoting *Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer." *Id.*

## ANALYSIS

### I. Compliance with Rule 65(b)(1)

Three Gold and Shetler have complied with the procedural requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure by filing their counsel's affidavit attesting to the key facts asserted in the Motion. (Affidavit, ¶¶ 1–10.) They also complied with the Rule's requirement to certify in writing that notice to Energex should not be required because Energex has failed to obtain counsel and is in default and because the Court has entered default judgment against Energex. (*Id.* ¶ 11.) The Court agrees that notice to Energex regarding the Motion for a Temporary Restraining Order is unnecessary given Energex's failure to comply with orders of this Court to obtain counsel.

4

Additionally, the Court finds that a status conference under Local Rule 65.1(a) is unnecessary before issuance of a temporary restraining order due to Energex's default and failure to participate in the case.

## II. Temporary Restraining Order Analysis

On balance, the four factors for a temporary restraining order weigh in favor of issuing the order. First, Three Gold and Shetler have already prevailed on the merits of their core breach of contract claim against Energex. (ECF No. 31, PageID 2647.) Three Gold and Shetler's success on the merits of that claim entitled them to relief, including damages not yet determined by the Court due in part to Energex's failure to participate in the case. (*See id.*, PageID 2654–55.)

Second, the Court is concerned that the Agreement between Energex and Eco Power may have the effect of obstructing, delaying, or otherwise thwarting Three Gold and Shetler's efforts to recover damages owed to them under this Court's entry of default judgment against Energex. Notably, the Agreement was reached just three days after the Court issued its Opinion and Order entering default judgment against Energex. Given Energex's longstanding financial problems, as evidenced by its years-long failure to pay out royalties owed to Three Gold and Shetler (among other evidence) the Court finds a likelihood of imminent and substantial harm without an order enjoining the sale of Energex's assets. *See HBA Motors, LLC v. Brigante*, No. 1:21-CV-624, 2021 WL 4709733, at *5 (S.D. Ohio Oct. 7, 2021) (Black, J.) ("[T]he Sixth Circuit and this Court have held an asset-freeze injunction may be appropriate where 'fraudulent conveyances' are involved." (quoting *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 628 (6th Cir. 2013))).

Third, issuance of a temporary restraining order here carries a moderate risk of harm to others. An order temporarily enjoining Energex and Eco Power from closing on their Agreement and prohibiting any other sale of Energex's assets inhibits those parties from acquiring the

potential benefits of those deals. Such an order may also jeopardize the eventual closing of the Agreement. But maintaining the status quo that existed after this Court's entry of default judgment and before the Agreement was reached does not create unjustifiable harm to any third parties or to Energex. And fourth, the Court does not see a potential harm to the public interest from temporarily enjoining the sale of Energex's assets.

Accordingly, the Court finds a temporary restraining order necessary to preserve the status quo so that a final resolution of the matter may be reached while protecting Three Gold and Shetler's rights under the default judgment entered by this Court.

## CONCLUSION

The Court **GRANTS IN PART** Three Gold Resources, LLC, and Shetler Family Foundation Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 37.) The Court **ORDERS** that Energex Power, Inc. is temporarily **ENJOINED** from selling, converting, disposing, transferring, encumbering, or secreting its assets to any third party. Specifically, the Court **ORDERS** that Energex shall not close on the Agreement between it and Eco Power Crypto, Inc. without Court approval. This temporary restraining order **expires after fourteen days**.

The Court **HOLDS IN ABEYANCE** the motion for a preliminary injunction pending a hearing on the motion. The matter is set for a preliminary injunction hearing on **Wednesday, February 26, at 9:30AM**. In addition to Plaintiffs' counsel, the Court will provide notice to Energex Power, Inc. regarding the hearing despite their lack of counsel. Plaintiffs may also provide notice to Proposed Receivers Terry Humphrey and Jerry Stethem regarding the hearing.

This case remains closed.

**IT IS SO ORDERED.**

**2/21/2025**             <u>s/Edmund A. Sargus, Jr.</u>
**DATE**            **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**